**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BRIAN LEWIS**

**v.**

**BATON ROUGE POLICE
DEPARTMENT, ET AL.**

**CIVIL ACTION**

**NO. 14-397-JWD-SCR**

**RULING AND ORDER**

This matter comes before the Court on the City of Baton Rouge/Parish of East Baton Rouge's and Joseph Valencia's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint and to Enjoin Plaintiff from Filing Future Claims (R.Doc. 18) and Defendant Cheryl Lum's Rule 12(b)(6) Motion to Dismiss Complaint for Damage (R.Doc. 51). Oral argument is not necessary.

Considering the facts alleged in the original complaint and the amended complaint as well as the law, Defendants' motions are GRANTED IN PART and DENIED IN PART.

**I. Relevant Factual and Procedural Background**

*Pro se* Plaintiff Brian Lewis filed his original Complaint (R.Doc. 1) on June 27, 2014. This original pleading was extremely skeletal and unclear. The purported grounds for the complaint were "Civil rights violation, Defamation of character, [and] discrimination." Plaintiff appeared to name as a defendant the Baton Rouge Police Department and Officer Joseph Valencia as well as an unknown "Ms. Sheryl." Plaintiff's statement of claim was that "The police officer and lady customer accused me of theft at Albertson's store on 10-17-13 for matter." (R.Doc. 1 at p. 2). Plaintiff sought $25,000.00 to $5 million, for the defendants to go to jail, for *in forma pauperis* status, and for all civil damages to which he is entitled.

Attached to the initial complaint is a Baton Rouge Police Department Report of a "Suspicious Incident" which says that, on Thursday, October 17, 2013, at approximately 2:11

p.m., Officer Valencia was dispatched to the Albertson's located on 7515 Perkins Rd. HQ advised that an iPhone and wallet were taken out of a purse by an employee. When Officer Valencia arrived, he contacted the complainant "Sherly Lum, who stated she found her [iPhone]/wallet at the check out lane upon [Valencia's] arrival. LUM advised no one took her [iPhone]/wallet she just misplaced it." (R.Doc. 1, p. 6).

On January 30, 2014, Plaintiff filed an amended complaint styled "Petition." (R.Doc.6). In the amended complaint, Plaintiff names the same defendants, clarifying that the previously unknown Sheryl was in fact Cheryl Lum, an Albertson's customer. Plaintiff explains that his "civil rights was violated on 10/17/13 at Alberston's store [when] [t]he lady customer accused me taking her items on matter." (Id.). Plaintiff said the police officer made 2 different police reports concerning the theft event and that this "should be called malfeasance that police officer Joseph Valencia did." Plaintiff further said the "police officer wrongfully read me the Miranda rights, and searched me at Albertson's store." Plaintiff seeks $74,000.00 to $5 million in damages for each defamation of character, court costs, fraud, mental abuse, mental anguish, mental anxiety, mental stress, perjury of accusing Brian Lewis of theft, threatening Brian Lewis to go to jail at the store, "racism of help for a white woman concerning theft, and wrongfully searching me Brian Lewis at store." (Id.) Plaintiff urges that he also wants payment for discrimination and embarrassment.

The police report attached to the second Petition explains that the police Officer J. Valencia was dispatched to Albertsons "relative to a suspicious incident" and that he was advised that two black males were in custody for theft. Upon arrival, the black males were released because the Loss Prevention Officer thought they were shoplifting but they were not.

Thus, construing Plaintiff's claims liberally,[1] it appears that Plaintiff Brian Lewis works for Albertsons, and that, on the day in question, the defendant Cheryl Lum was shopping there. She could not find her cell phone and apparently thought a store employee had stolen it. The police were called. By the time the police arrived, Mrs. Lum had found her phone at the checkout counter, and it had not been stolen. But, the Petition reads as though Lewis was apparently "arrested" when he was read his Miranda warning and subsequently searched.

On July 9, 2014, the Magistrate issued an order (R.Doc. 13) requiring a hearing to be held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine whether all or any part of the case should be dismissed as frivolous. The hearing was held on July 29, 2014. (R.Doc. 22). The Plaintiff appeared before the Magistrate to discuss his complaints and answer questions from the Court.

On August 5, 2014, the Magistrate issued a notice (R.Doc. 24) stating that, after scheduling the *Spears* hearing, defendants City of Baton Rouge and Officer Valencia filed a motion to dismiss. The Magistrate explained:

> By filing a Rule 12(b) motion, pursuant to Rule 15(a)(1)(B), Fed.R.Civ.P., the plaintiff now has an opportunity to file an amended complaint without leave of court. The best course is for the plaintiff to do so, and to allege in an amended complaint the facts which he believes support his claims against defendants City of Baton Rouge/Parish of East Baton Rouge and Officer Valencia, as well as his claim against defendant Lum.

(Id.).

On August 8, 2014, Plaintiff filed a Motion to Amend Petition. (R.Doc. 26) seeking to amend his petition to add state law claims against his employer, Albertson's Store Number 2, and numerous named store employees. Plaintiff claims against these defendants are based on their alleged refusal to provide him with documents

---

[1] *Pro se* civil rights complaints must be construed liberally. *Moore v. McDonald*, 30 F.3d 615, 620 (5th Cir. 1994).

("discovery") related to a sexual assault and the "theft events" that form the basis of Plaintiff's claim in this suit. The Magistrate ruled on this motion September 30, 2014 (R.Doc. 57). The Magistrate granted the motion to amend as timely but recognized that the Court could decline to exercise supplemental jurisdiction over these claims. Thus, the Magistrate ordered that the clerk of court not issue summons to any new defendants until ordered to do so. Further, the Magistrate explained that the case would be reviewed after this Court ruled on the pending motions to dismiss to determine whether the Court should exercise supplemental jurisdiction over those claims.

## II. Discussion

### A. Fed.R.Civ.Pro. 12(b)(6) Standard

In *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007), the Supreme Court explained:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'

*Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Interpreting Rule 8(a) and *Twombly*, the Fifth Circuit explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at

1965) (emphasis added). Later, in *In re Great Lakes Dredge & Dock Co. LLC.*, 624 F.3d 201,

210 (5th Cir. 2010), the Fifth Circuit explained:

> To avoid dismissal [under Fed.R.Civ.P. 12(b)(6)], "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. [*Doe v. Myspace*, 528 F.3d 413, 418 (5th Cir. 2008)] (citing [*Hughes v. Tobacco Inst., Inc.*, 278, 278 F.3d 417, 420 (5th Cir. 2001)]). We do not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir.2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005)); *see also Iqbal*, 129 S.Ct. at 1940 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

*Id.* at 215.

Analyzing the above case law, our brother in the Western District stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949, *Twombly*, 555 U.S. at 556, 127 S.Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. Rule Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257, *Twombly*, 555 U.S. at 556, 127 S.Ct. at 1965.

*Diamond Services Corp. v. Oceanografia, S.A. De C.V.*, No. 10-177, 2011 WL 938785, at *3

(W.D.La. Feb. 9, 2011) (citation omitted).

Afterward, in *Harold H Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787 (5th Cir. 2011),

the Fifth Circuit explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

*Id*. at 796.  Finally, in *Thompson v. City of Waco, Texas*, 764 F.3d 500 (5th Cir. 2014), the Fifth

Circuit recently summarized the Rule 12(b)(6) standard as thus:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. We need not, however, accept the plaintiff's legal conclusions as true. To survive dismissal, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Our task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id*.  at 502-503 (citations and internal quotations omitted).

**B.  Discussion**

Here, while Plaintiff's complaints are disorganized and unclear, they appear to allege

three sets of claims.  First, Plaintiff asserts section 1983 claims against each of the three

defendants.  Second, Plaintiff asserts a discrimination claim against each Defendant.  And third,

various state law causes of action against each defendant.  The Court will address each in turn.

### 1. Section 1983 Claim Against the City of Baton Rouge

Defendants represent that the Baton Rouge Police Department is not a juridical entity

capable of being sued.  The Court finds that this is a correct interpretation of Louisiana law.  *See*

*Smith v. E.B.R.P. Dept.*, No. 11-0135, 2011 WL 4737406, at *3 (M.D.La. Sept. 8, 2011) ("Under Louisiana law, the 'Baton Rouge City Police Department' has neither the capacity to sue nor the capacity to be sued").

Liberally construing the Plaintiff's complaint, the Court will find that the Plaintiff intended to name as a defendant the City of Baton Rouge, through Mayor Kip Holden. But Plaintiff has failed to articulate a claim against the City of Baton Rouge (or Mayor Kip Holden) as well.

The Fifth Circuit has explained:

> Under the decisions of the Supreme Court and this court, municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom. [*Monell v. Dep't. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978)] and later decisions reject municipal liability predicated on *respondeat superior*, because the text of section 1983 will not bear such a reading. Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability. The three attribution principles identified here—a policymaker, an official policy and the "moving force" of the policy—are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself.

*Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citations omitted). In addition to "causation" ("moving force"), the plaintiff must establish "culpability," or "deliberate indifference" to" federally protected rights." *Id.* at 580 (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998)).

Here, Plaintiff Brian Lewis has failed to articulate an official policy or a violation of constitutional rights whose "moving force" was the policy or custom. Further, there is no showing of deliberate indifference. Accordingly, Plaintiff's claims against the City of Baton

Rouge are dismissed. However, Plaintiff will be given an opportunity to amend the complaints to state a cause of action.

### 2. Section 1983 Claim Against Officer Valencia

Plaintiff appears to be alleging a § 1983 claim for false arrest or for an improper search. Our brother in the Western District of Louisiana has explained:

> The Fourth Amendment protects individuals from unfounded arrests by requiring reasonable grounds, or "probable cause," to believe a crime has been committed. Because a claim of false arrest implicates the Fourth and Fourteenth Amendments it is, therefore, actionable under 42 U.S.C.1983 … To prevail on § 1983 action for false arrest, the plaintiff must prove that the officers lacked probable cause to arrest him. There is no cause of action for false arrest under § 1983 unless the arresting officer lacked probable cause, or to put another way, "[I]f there was probable cause for the arrest, a claim for false arrest is not viable."

*Maier v. Green*, 485 F.Supp.2d 711, 716 (W.D. La. 2007) (Melancon, J.) (citations omitted). "To determine the presence or absence of probable cause, the totality of the circumstances surrounding the arrest must be considered. … Probable cause does not require proof beyond a reasonable doubt, but only a showing of the probability that criminal activity has occurred." *Maier*, 485 F.Supp.2d at 718 (citations omitted).

Further, in *U.S. v. Robinson*, 414 U.S. 218, 236, 94 S.Ct. 467, 477 (1973), the Supreme Court held that, where an officer had probable cause to arrest a defendant, search of a defendant's person without a search warrant was permissible. Thus, the issue of whether his search was valid turns on whether the arrest was valid.

Here, Plaintiff's Complaint fails to articulate enough details for the Court to determine whether there was sufficient probable cause for the arrest and thus, for the search. In fact, it is unclear from the complaints whether an arrest occurred at all. However, the Court will allow an

opportunity for the Plaintiff to amend his complaints to provide further details as to the circumstances of the arrest.

Further, Defendant Lum also addressed in her briefs Plaintiff's claim for "perjury of accusing Brian Lewis of theft." Defendant Lum construed this as a possible attempt at asserting a claim for filing of a false police report.

The Court finds that this construction of the complaints may be too broad but will address the argument anyway. Here, the police reports attached to the complaints do not allege that Brian Lewis committed any crime; to the contrary, they explain how Mrs. Lum found her iPhone and wallet and cleared the Plaintiff of any accusation of wrongdoing.

Further:

> The mere existence of falsified police reports do not in and of themselves violate any of [plaintiff]'s federal rights. … [F]alsified police reports are only actionable under § 1983 if those reports result in the deprivation of life, liberty or property. If action is taken on the basis of falsified reports a plaintiff may file suit.

*Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 505 (W.D.La. 2001) (Citations omitted). Thus, in *Nowell*, the court explained that, if there is probable cause, then the reports are not necessarily false.

Here, it does not appear that there was any deprivation of life, liberty, or property, and no action was taken on the basis of the falsified report. Accordingly, Plaintiff has failed to state a claim for perjury in this respect. However, Plaintiff will be given an opportunity to amend on this count as well.

### 3. Section 1983 Claim Against Cheryl Lum

As Defendant Cheryl Lum herself accurately states:

> Giving the allegations the broadest reading possible, Plaintiff Lewis appears to have attempted to allege the following claims against Ms. Lum: (1) a § 1983 claim for violation of Lewis' civil rights by allegedly accusing him of theft; (2)

allegations that Mrs. Lum assisted or acted with Officer Valencia regarding the theft charge and a wrongful search of Plaintiff Lewis while at Albertsons; and (3) state law causes of action.

(R.Doc. 51-1, p. 2). The Court believes the first and second category are one and the same and will treat them as such.

These allegations are insufficient to support a finding that Ms. Lum, a private actor, violated § 1983. In *Priester v. Lowndes County*, 354 F.3d 414 (5th Cir. 2004), the Fifth Circuit explained:

> To state a cause of action under section 1983 the appellant must allege that the person who deprived him of a federal right was acting under color of law. *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir.1994). For a private citizen … to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors. *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir.1989).

> This court has held that a non-state actor may be liable under 1983 if the private citizen was a "willful participant in joint activity with the State or its agents." *Cinel*, 15 F.3d at 1343. The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. Id. Allegations that are merely conclusory, without reference to specific facts, will not suffice. *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir.1986).

*Id.* at 420.

Here, Plaintiff Brian Lewis has failed to allege any conspiracy or agreement between the Defendants. Accordingly, Plaintiff's cause of action against Ms. Lum must be dismissed. Plaintiff will be given an opportunity to amend to plead sufficient facts to support a claim for conspiracy, if he can do so.

Finally, for the same reasons articulated above, the Court finds that Plaintiff failed to articulate a claim for perjury in filing a falsified police report against Ms. Lum. However, Plaintiff will get an opportunity to amend on this claim as well.

### 4. Discrimination Claim

Plaintiff does not explain his initial discrimination claim. Construing the pleading broadly, the Court will interpret this as an allegation of a violation of his civil rights secured by Title VII.

Plaintiff's claims against each Defendant should be dismissed. By its very terms, Title VII applies only in the employment context. *See Hishon v. King & Spalding*, 467 U.S. 69, 74 (1984) ("Once a contractual relationship of employment is established, the provisions of Title VII attach and govern certain aspects of that relationship."). Thus, there must be an employer-employee relationship. Because there is no such relationship here between the Plaintiff and any Defendants who filed the above motions, this claim is dismissed as to these Defendants

### 5. State Law Claims

As stated above, Plaintiff Brian Lewis has asserted a number of state law causes of action, including: defamation of character, court cost, fraud, mental abuse, mental anguish, mental anxiety, mental stress, perjury of accusing Brian Lewis of theft, threatening Brian Lewis to go to jail at the store, "racism of help for a white woman concerning theft, and wrongfully searching me Brian Lewis at store." Further, the Plaintiff attempted to allege a wrongful arrest claim.

The Court agrees with Defendant Lum – if there is no valid section 1983 claim, then the Court should decline to exercise supplemental jurisdiction under 28 U.S.C.§ 1367(c)(3). *See Certain Underwriters at Lloyd's London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006) ("We have stated that it is our 'general rule' that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case."). However, the

Court will address each of the Plaintiff's state law claims in the event that he amends his Complaint to attempt to state a cause of action under § 1983.

### a. Defamation

The elements of defamation under Louisiana law are: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based. *Henry v. Lake Charles American Press, L.L.C.*, 566 F.3d 164, 169, 181-182 (5th Cir. 2009). The Louisiana Supreme Court has explained:

> Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, without considering extrinsic facts or circumstances, are considered defamatory per se. (citations omitted). When a plaintiff proves publication of words that are defamatory per se, falsity and malice (or fault) are presumed, but may be rebutted by the defendant (citations omitted). Injury may also be presumed. (citations omitted).

*Kennedy v. Sheriff of East Baton Rouge*, 05–1418, p. 9 (La.7/10/06), 935 So.2d 669, 675.

Here, Defendant Lum claims that any statement she made is privileged. In *Kennedy*, the Louisiana Supreme Court applied the following standard for privilege:

> First, it must be determined whether the attending circumstances of a communication occasion a qualified privilege. The second step of the analysis is a determination of whether the privilege was abused, which requires that the grounds for abuse-malice or lack of good faith-be examined. "While the first step is generally determined by the court as a matter of law, the second step of determining abuse of a conditional privilege or malice is generally a fact question for the jury '[u]nless only one conclusion can be drawn from the evidence.'"

935 So.2d at 682 (citations omitted). *Kennedy* recognized that the first prong of this test is satisfied when an individual brings possible criminal activity to the attention of proper authorities. *Id.* at 683 (citations omitted).

Here, construing the pleading broadly, the Plaintiff has probably stated a valid cause of action for defamation against Defendant Lum. Defendant Lum claims that any communication was privileged, but, as *Kennedy* recognized, whether there will ultimately be proof of an abuse of good faith is a question of fact for the jury.

Further, Plaintiff has failed to state a cause of action for defamation against Defendants Valencia or the City of Baton Rouge. There appears to be no allegation of any defamatory statements being made. Accordingly, these claims will be dismissed, though Plaintiff will have an opportunity to amend.

### b. Fraud

Fed.R.Civ.Pro. 9(b) provides, "In alleging fraud … a party must state with particularity the circumstances constituting fraud." To plead fraud, the plaintiff must "plead 'the time, place and contents of the false representation[ ], as well as the identity of the person making the misrepresentation and what that person obtained thereby.'" *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009). Further, "The elements of a Louisiana delictual fraud or intentional misrepresentation cause of action are: (a) a misrepresentation [or suppression] of a material fact, (b) made with the intent to deceive, and (c) causing justifiable reliance with resultant injury." *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 627 (5th Cir. 1999).

Plaintiff has failed to make any allegation in any way resembling a claim for fraud. Plaintiff just uses the word "fraud." This claim will be dismissed, though Plaintiff will be afforded an opportunity to amend.

### c. Mental abuse, anguish, anxiety, and stress

The Court agrees with Defendant Lum that Plaintiff has failed to make any claim for intentional infliction of emotional distress. "In order to recover for intentional infliction of emotional distress, the plaintiffs have the burden of proving: (1) that the conduct of the defendants was extreme and outrageous; (2) that the emotional distress suffered by the plaintiffs was severe; and (3) that the defendants desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from their conduct." *Elphage v. Gautreaux*, 969 F.Supp.2d 493, 516 (M.D.La. 2013) (citing *White v. Monsanto Co.*, 585 So.2d 1205, 1209-10 (La. 1991); *Deus v. Allstate Insurance Co.*, 15 F.3d 506, 514 (5th Cir. 1994)). Here, there is no claim of extreme and outrageous conduct or knowledge/substantial certainty of the outcome. Accordingly, to the extent the complaints allege intentional infliction of emotional distress, these claims are dismissed against each defendant, though Plaintiff will again be afforded an opportunity to amend.

Plaintiff's complaints could be construed as attempting to allege claims of negligent infliction of emotional distress. "Louisiana courts have identified only four instances in which recovery is allowed for mental anguish without physical injury. These instances all involve 'the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serve as a guarantee that the claim is not spurious.'" *Molden v. Georgia Gulf Corp.*, 465 F.Supp.2d 606, 614-615 (M.D.La. 2006) (citing *Moresi v. State, Dept. of Wildlife and Fisheries*, 567 So.2d 1081, 1096 (La. 1990)). Under one of these categories, "[a] plaintiff may recover damages for a defendant's infliction of emotional distress based on a separate tort involving physical consequences to the person or property of the plaintiff, such as an assault or a battery, false imprisonment, trespass to land, nuisance or the invasion of the

person's right to privacy." *Id.* (citing *Moresi v. State, Dept. of Wildlife and Fisheries*, 567 So.2d 1081, 1095 (La. 1990)). If the plaintiff can succeed on his false arrest claim, he could arguably succeed on his claim for mental anguish.

Accordingly, the claim will be dismissed as to all Defendants. However, the Plaintiff will have the opportunity to amend his complaints and, if he successfully asserts a claim for false arrest for wrongful search, then he can also assert a claim for mental anguish against Officer Valencia and the City of Baton Rouge.

### d. Wrongful Arrest and Search.

Under Louisiana law, "[f]alse arrest and imprisonment occur when one arrests and restrains another against his will without a warrant or other statutory authority. Simply stated, it is restraint without color of legal authority. … [I]f police officers act pursuant to statutory authority in arresting and incarcerating a citizen, they are not liable for damages for false arrest and imprisonment." *Elphage*, 969 F.Supp. 2d at 514 (quoting *Kyle v. City of New Orleans*, 353 So.2d 969, 971 (La.1977)). Louisiana Code of Criminal Procedure article 213(A)(3) provides that a law enforcement officer may arrest a person without a warrant when the officer "has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer."

Here, as stated above, it is unclear from the allegations in the complaints whether there was reasonable cause for the arrest (and further, whether there was an arrest at all). Thus, this claim will be dismissed, though Plaintiff will be given an opportunity to amend.

### e. Remaining Claims

Plaintiff's remaining claims for perjury, racism and threatening to go to jail are not viable causes of action under Louisiana law, apart from whatever overlap there may be in the above

analysis. *See Morales v. State*, No. 94-1194, 1996 WL 442225 (E.D.La. Aug. 2, 1996) (Vance, J.) ("There is no private cause of action under Louisiana law for perjury…"); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993)("Mere allegations of verbal abuse do not present actionable claims under § 1983."). Accordingly, these claims are dismissed.

### 5. City of Baton Rouge's and Officer Valencia's Remaining Arguments

Two additional issues raised by the City of Baton Rouge and Officer Valencia in their Motion to Dismiss (R.Doc. 18-1) warrant addressing. First, these Defendants state that the "Plaintiff's allegations are based upon the same facts, events, and theories included in his previous federal court complaint against the Baton Rouge Police Department and Officer Valencia. (R.Doc. 39, Docket 3:13-00744)." R.Doc. 39 in action No. 13-744 is a ruling that explains that that action was a suit against BRPD "for defamation and civil rights violations occurring after BRPD came to his workplace, Albertsons, accused Plaintiff of stealing, and then falsely arrested him." The ruling also specifically mentions the October 17, 2013, police reports and dismisses Plaintiff's claims under Title VII and § 1983 and for defamation under 28 U.S.C. § 1915(e)(2)(B).[2]

Defendants appeared to have included this information to show a pattern of abuse by Plaintiff Brian Lewis of the judicial system. However, Defendants did not provide an analysis of how the first suit is a potential bar to this action under the principles of res judicata or issue preclusion. Because Plaintiff is *pro se*, the Court will not begin that analysis on its own without the Defendants briefing the issue and thus allowing the Plaintiff with an opportunity to respond.

---

[2] 28 U.S.C. § 1915(e)(2)(B) provides, "(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- …
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

If Defendants wish to raise this argument in another motion to dismiss or motion for summary judgment, they may do so.

Second, Defendants urge this court to use its *sua sponte* injunctive powers under 28 U.S.C. § 1651(a)[3] to enjoin Plaintiff from filing future litigation. While the Court arguably has the right to enjoin Plaintiff, the Court believes that this power should be used cautiously and not at this time.[4] This Court is well aware of the fact that Mr. Lewis has inundated the Court with filings, but, at this point, the Court will not restrict his ability to continue filing in this case.

## III. Conclusion

Accordingly,

**IT IS ORDERED** that City of Baton Rouge/Parish of East Baton Rouge's and Joseph Valencia's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint and to Enjoin Plaintiff from Filing Future Claims (R.Doc. 18) and Defendant Cheryl Lum's Rule 12(b)(6) Motion to Dismiss Complaint for Damage (R.Doc. 51) are **GRANTED IN PART** and **DENIED IN PART;**

**IT IS FURTHER ORDERED** that all claims of the Plaintiff Brian Lewis against all Defendants, except Lewis's claim for defamation against Defendant Cheryl Lum, are

---

[3] The All Writs Act, 28 U.S.C. § 1651(a) provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

[4] One treatise observed of the All Writs Act:

> One seeking an injunction stopping a party from filing frivolous and vexatious lawsuits must make a detailed showing of a pattern of abusive and frivolous litigation and the court must be careful not to issue a more comprehensive injunction than is necessary. Injunctions restricting court access across the board in such situations are very much the exception to the general rule of free access to the courts and should be issued only when abuse is so continuous and widespread as to suggest no reasonable alternative. Injunctions issued pursuant to the All Writs Act power to restrict the filing of meritless pleadings by litigants when the pleadings raise issues identical or similar to those that have already been adjudicated are extreme remedies that should be narrowly tailored and sparingly used. …

> **Observation**: Prohibiting a pro se litigant from filing any future pleadings, petitions, motions, documents, or other filings unless signed by an attorney may be warranted to preserve the dignity of the judicial system and to prevent the waste of precious judicial resources.

William H. Danne, et al., 42 Am. Jur. 2d Injunctions § 80 (2d 2014).

**DISMISSED WITHOUT PREJUDICE**.  As to the dismissed claims (except the claims for discrimination, perjury, racism, and threatening to go to jail, all of which have incurable deficiencies), Plaintiff is given 30 days within which to amend his complaint to cure these deficiencies   In the event that Plaintiff fails to file an amendment to his complaint within that time, all claims against all Defendants will be dismissed, with prejudice, except Plaintiff's claim for defamation against Defendant Cheryl Lum, and

**IT IS FURTHER ORDERED** that, if the Plaintiff fails to amend his complaint to state a valid claim under 28 U.S.C. § 1983, then the Court will decline the exercise of supplemental jurisdiction and dismiss without prejudice all remaining state law claims.

Signed in Baton Rouge, Louisiana, on <u>January 22, 2015</u>.


_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**