UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN LEWIS

v.

BATON ROUGE POLICE
DEPARTMENT, ET AL.

CIVIL ACTION

NO. 14-397-JWD-SCR

**RULING AND ORDER**

This matter is before the Court on the Defendant Cheryl Lum's Rule 12(b)(6) Motion to Dismiss Complaint for Damages (Doc. 100) . In her motion, Defendant Cheryl Lum asks the Court to dismiss with prejudice the Plaintiff Brian Lewis's claims under 42 U.S.C. § 1983, to decline to exercise supplemental jurisdiction over the Plaintiff's state law claims, and, thus, to dismiss without prejudice these state law claims. This matter is also before the Court on its previously issued Ruling and Order (Doc. 87). Oral argument is not necessary.

Considering the facts pled and the arguments of the parties, the Court grants the Defendant's motion and enforces its earlier ruling. All of Plaintiff's federal claims, including his claims under § 1983, against all Defendants (including the City of Baton Rouge and Officer Joseph Valencia) are dismissed with prejudice. All of Plaintiff's state law claims against all Defendants are dismissed without prejudice, and the Plaintiff is free to file suit in state court on these claims if he so chooses. To the extent that the Court dismissed with prejudice the state law claims in its earlier Ruling and Order (Doc. 87), those portions of the opinion are hereby vacated.

A. *Procedural Background*

On January 22, 2015, this Court issued a Ruling and Order (Doc. 87) dismissing all of Plaintiff's claims against all Defendants except Plaintiff's claims for defamation against Defendant Cheryl Lum. Plaintiff was given thirty (30) days within which to amend his

1

complaint to cure the deficiencies. If the Plaintiff failed to file an amendment to his complaint within that time, all claims against all Defendants would be dismissed, with prejudice, except Plaintiff's claim for defamation against Defendant Cheryl Lum. It was further ordered that, if the Plaintiff failed to amend his complaint to state a valid claim under 42 U.S.C. § 1983, then the Court would decline the exercise of supplemental jurisdiction and dismiss without prejudice all remaining state law claims.

Plaintiff subsequently filed into the record several conflicting documents. First, he filed a Notice of Appeal (Doc. 89) of, among other things, the above Ruling and Order (Doc. 87). Then, the Plaintiff filed a Motion for Leave of Court to Amend Petition (Doc. 94). The Magistrate Judge liberally interpreted the motion and concluded that the Defendant made two additional factual allegations against Defendant Cheryl Lum which would be incorporated into the Plaintiff's amended complaint – "The lady Mrs. Lum did false accuse me of theft, and she did not find her items until store camera's was reviewed on matter." (sic) (Doc. 95).

### B. Analysis

#### 1. Whether the District Court Has Retained Jurisdiction

The first issue is whether, despite the Notice of Appeal (Doc. 89), this Court still has jurisdiction to decide Defendant Cheryl Lum's motion to dismiss (Doc. 100) and to enforce the earlier Ruling and Order (Doc. 87). The Court holds that it has retained jurisdiction over these issues.

In *Henry v. Allstate Ins. Co.*, No. 07-1738, 2007 WL 2963669, at *1 (E.D.La. Oct. 9, 2007), the Eastern District explained:

> The Supreme Court has held that "[t]he filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the trial court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct.

> 400, 74 L.Ed.2d 225 (1982). … **[However,] the Fifth Circuit has instructed that "filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction...."** *United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir.1979), *superceded by statute on other grounds, as recognized in United States v. Martinez*, 763 F.2d 1297 (11th Cir.1985). The reason favoring retention of trial court jurisdiction over nonappealable orders is sound: "The contrary rule leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process." *See id.*

(bold added). Thus, the key issue here is whether the Ruling and Order (Doc. 87) is a judgment or a non-appealable order.

The Court finds that the Ruling and Order is a non-appealable order. The definition of "judgment" is contained in Rule 54(a), which provides in part: "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." Thus, "an order from which an appeal lies" "embraces two different types of orders. The first is any 'final decision' from which an appeal is permitted under Section 1291 of Title 28[1] and the second is any appealable interlocutory order." 10 Charles Alan Wright & Arthur R. Miller, et al., Fed. Prac. & Proc. Civ. § 2651 (3d ed. Nov. 2014). "Orders that are not appealable under one of those two categories do not qualify as judgments." *Id.*

> An interlocutory order is defined in Rule 54(b):
>
> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. **Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.**

---

[1] 28 U.S.C. § 1291 provides in part, "The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States …"

(bold added).

There is another important distinction between judgments and interlocutory orders that is relevant here:

> Finally, the difference between a conditional judgment and a judgment as defined in Rule 54(a) should be noted. Some courts have authorized judgments that do not become effective unless certain conditions are complied with, or that may be defeated or amended by the performance of a given act or the occurrence of a certain event. **Judgments of this type are considered judgments under Rule 54(a) only when the contingency has been removed; prior to that time the court's decision is not appealable.**

10 Charles Alan Wright & Arthur R. Miller, et al., Fed. Prac. & Proc. Civ. § 2651 (3d ed. Nov. 2014) (bold added).

Here, the Ruling and Order (Doc. 87) qualifies as a non-appealable interlocutory order, not an appealable judgment. First, it did not dispose of all the claims. The order specifically declined to dismiss the state law defamation claim. Second, it was made conditional on the Plaintiff's failure to amend. Until that occurrence occurred, "the court's decision [was] not appealable." *Id.* Further, that event did not occur because the Plaintiff filed the above-referenced motion to amend his amended complaint, which the magistrate judge allowed.

Accordingly, there was no appealable judgment or order. This Court has retained jurisdiction to decide Defendant Cheryl Lum's Rule 12(b)(6) Motion to Dismiss Complaint for Damages (Doc. 100) and to enforce the earlier Ruling and Order (Doc. 87).

    *2. Whether Lewis Has Stated a Claim under § 1983*

The allegations added by the Plaintiff – "The lady Mrs. Lum did false accuse me of theft, and she did not find her items until store camera's was reviewed on matter." (sic) (Doc. 95) - are insufficient to state a cause of action under § 1983 against any of the Defendants. The new allegations do not address the City of Baton Rouge or Officer Valencia. Further, the new

4

allegations do not satisfy the test for holding a non-state actor liable under Section 1983. That is, there is no allegation that Cheryl Lum, a private citizen, "conspired with or acted in concert with state actors" to deprive the Plaintiff of a federal constitutional right. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004).

Additionally, as detailed in the Court's earlier Ruling and Order (Doc. 87) and as explained in Defendant's motion, the Plaintiff has no other claim upon which to base original subject matter jurisdiction. That is, there is no valid claim for a civil rights violation under § 1983 or for discrimination under Title VII.

Because the Court has dismissed all claims over which it could have original subject matter jurisdiction, the Court will decline to exercise supplemental jurisdiction over the Plaintiff's state law claims in accordance with 28 U.S.C. § 1367(c). *See Certain Underwriters at Lloyd's, London… v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006) ("we have stated that it is our 'general rule' that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case."). Further, because the Court declines to exercise supplemental jurisdiction over these claims, to the extent the Court dismissed the state law claims in its earlier Ruling and Order (Doc. 87), those portions of the opinion are hereby vacated. The Plaintiff Brian Lewis is free to re-allege his state law claims in state court.

Finally, the Court will enforce its Ruling and Order (Doc. 87) as to the Defendants City of Baton Rouge and Joseph Valencia. That is, the § 1983 claims against them are dismissed with prejudice, and all state law claims against them are dismissed without prejudice.

C. *Conclusion*

Accordingly,

5

**IT IS ORDERED** that the Defendant Cheryl Lum's Rule 12(b)(6) Motion to Dismiss Complaint for Damages (Doc. 100) is **GRANTED** and that the Court's previously issued Ruling and Order (Doc. 87) is hereby **ENFORCED**;

**IT IS FURTHER ORDERD** that all federal claims, including all claims under 42 U.S.C. § 1983, against all defendants are **DISMISSED WITH PREJUDICE;** and

**IT IS FURTHER ORDERED** that all state law claims against all defendants are **DISMISSED WITHOUT PREJUDICE**, and, to the extent that the Court dismissed the state law claims in its Ruling and Order (Doc. 87), those portions of the opinion are hereby **VACATED**.

Signed in Baton Rouge, Louisiana, on <u>April 13, 2015</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**